Peter N. Brewer, Esq. St.Bar №87971
Julia M. Wei, Esq. St.Bar № 218005
Law Office of Peter N. Brewer
350 Cambridge Avenue, Suite 200
Palo Alto, California 94306

Ph: 650/327-2900
Fax: 650/327-5959

Attorney for Creditor, Allan Cadgene

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re: | CHAPTER 13 |
|---|---|
| CHRISTOPHER LANE, | Case №: 06-30803 |
| Debtor. | MOTION FOR FURTHER TURNOVER OF ARTWORK IN COMPLIANCE WITH DEBTOR'S PLAN |
| ALLAN CADGENE, | |
| Moving Party, | Date: August 28, 2009<br>Time: 9:30 a.m.<br>Place: Courtroom 23<br>235 Pine St., Floor<br>San Francisco, CA |
| vs. | |
| CHRISTOPHER LANE, | |
| Respondent. | |

**MOTION FOR TURNOVER OF
ARTWORK IN COMPLIANCE WITH DEBTOR'S PLAN**

Moving party, ALLAN CADGENE, respectfully represents:

1.  Creditor ALLAN CADGENE (herein "Cadgene") holds an unsatisfied judgment from the San Francisco Superior Court that is secured by debtor's property which is mainly Debtor's artwork.

2.  Debtor's Fourth Amended Plan requires that Debtor pay the judgment in installments with the first payment due September 1, 2008. Debtor did not do so and upon Cadgene's motion heard on October 24, 2008, the Court granted Cadgene's Motion for a Turnover Order.

3.  On or around December 4, 2008, Cadgene obtained a number of works in satisfaction of the September 1, 2008 payment, but pieces were missing or damaged or claimed to be exempt.

---
MOTION FOR TURNOVER     1

4. Debtor owed a second payment due December 1, 2008, which he did not make. Movant brought a second motion for turnover of Debtor's artwork to satisfy the $54,183.90 owed on the December. Creditor Cadgene's second motion for turnover was granted and on April 28, 2008, Cadgene again collected a portion of works owed under on the second installment as well as attempted to collect works not turned over on the first collection effort.

5. In accordance with Debtor's Fourth Amended Plan, Debtor is to make an installment payment by March 1, 2009 reducing the amount owed at confirmation to twenty five percent (25%) of that amount which is $33,869.94.

6. Debtor has not made the payment, nor has he confirmed the amount of the required payment. This is the third installment payment on Debtor's plan and also the third motion for turnover Creditor Cadgene has been forced to bring to collect the payment ("Third Installment").

7. Creditor calculates the amount owed on the Third Installment to be $47,908.10 which has been calculated as set forth in Exhibit A to the Cadgene Declaration. Attached as Exhibit B to the Cadgene Declaration is a true and correct copy of the list of identified works selected that total $47,900 approximately the total of the amount owed as of the March 1, 2009 payment. The list of art work and values is shown in Exhibit B.

8. Attached to Cadgene's declaration as Exhibit C is a list of artwork either missing or damaged from the first Turnover Order.

9. Attached to Cadgene's declaration as Exhibit D is a list of artwork either missing or damaged from the second Turnover Order.

10. Debtor's plan states in relevant part:

"The debtor will reduce the balance of Cadgene's obligations from the amount due on th effective date by liquidating sufficient art work to pay all expenses of sale, interest accruing after confirmation, chapter 13 trustee's fees attributable to distrubtions to Cadgene, and payments to Cadgene sufficient to reduce the amount owing to Cadgene at a confirmation to: (1) 60% of the amount owing at confirmation, by September 1, 2008; (2) 40% of the amount owing at confirmation, by December 1, 2008... The debtor may, at any time, elect in writing to sell to Cadgene at the amount on Exhibit A, any dollar amount of work. Within twenty days after the debtor notifies Cadgene of that election, Cadgene

shall select the art work to make up that dollar amount, If Cadgene does not select art within that time, the debtor shall choose the items to be sold to Cadgene. The sale price shall be credited against the judgment, and the required payments under ¶11(d), effective on the date of the election. Items sold to Cadgene shall be made available for pickup at the debtor's storage facility within ten days of selection, at a mutually agreeable time. The court may impose sanctions enforceable through surrender of additional art if the debtor fails to deliver art as required under this subsection."

11. Accordingly, Cadgene is owed and seeks:

    a) Third Installment;

    b) work missing from the first and second turnover Order;

    c) attorneys fees and costs;

    d) sanctions for the failure of Debtor to comply with the first two turnover Orders.

12. Cadgene brings this motion to seek the Court's assistance with the distribution of the artwork and any possible dispute that may arise in the event that debtor does not comply with his plan.

**PRAYER:**

Based on the foregoing, CADGENE prays for an Order for the following:

A. Turnover of the artworks listed in Exhibit B of Cadgene's Declaration valued at $47,900; and

B. The missing and damaged artworks from the two prior turnover Orders to be deemed Debtor's exemption; and

C. Turnover of replacement artwork totaling $7,400.00 in value, to replace the missing and damaged artworks from the First Installment, to be identified by Cadgene;

D. Turnover of replacement artwork totaling $7,400.00 in value, to replace the missing and damaged artworks from the First Installment, to be identified by Cadgene; and

E. Debtor's exemption list be amended to include the damaged or missing work and that the pieces which value exceed Debtor's exemption amount be made available for Cadgene to select replacement works from; and

F. For such other relief as this Court deems appropriate.

| | | |
|---|---|---|
| DATED: July 30, 2009 | | THE LAW OFFICE OF PETER N. BREWER |

By: /s/ Julia M. Wei
Julia M. Wei, Attorney for Creditor Allan Cadgene