MOTION TO RECUSE JUDGE THOMAS E. CARLSON FROM THE BANKRUPTCY CASE NO. 06-30803 AND AN EMERGENCY MOTION FOR A STAY OF SCHEDULED OCT. 16, 2009 3rd TURNOVER OF ART WORKS.

Christopher Lane     Cadgene vs. Lane     Case No. 06-30803

This is a Motion to Recuse Judge Thomas E. Carlson from the bankruptcy case, Cadgene vs. Lane, Case No. 06-30803. This motion is being filed in order that Judge Carlson step down from the case, and allow another judge to replace him. There is also an emergency motion for a stay of the scheduled October 16, 2009 third turnover of artworks, pending on the motion to recuse Judge Carlson until there is a judgment on his status received. In this letter, I will explain that Judge Carlson handled this case with, in my opinion, extreme bias.

Currently I have no legal representation. I have tried many times to avail myself of free legal help from local organizations such as San Francisco Bar Association, referral service, Bay Area Lawyers for the Arts, and San Francisco City Hall, Office of the Mayor. I have been unable to find, retain or pay for competent legal representation throughout this case. I have tried and failed to find a lawyer to appeal this court's decision. I am currently still seeking legal help. My ability to represent my interests in this case has been seriously compromised for 3 years, because of my well-diagnosed health issues. I am 72 years of age. I suffer from mental illness in addition to a heart condition, and other illness that I will not go into at this moment, and continue to be treated by 2 doctors, a psychiatrist and a psychotherapist. Mr. Cadgene is well aware of my compromised health, and has used this to his maximum advantage.

FILED OCT 15 2009 UNITED STATES BANKRUPTCY COURT SAN FRANCISCO, CA

Reason for filing these motions:

1.     Judge Carlson has been completely prejudiced in this case, allowing the plaintiff Mr. Allan Cadgene to assign any values or prices on my paintings that are, regardless of their actual value on the art market. To put prices on my paintings that are ridiculously low to the point of sometimes being 200% lower that any reasonable estimation of their actual value, even in today's lower valued Fine Arts market.

2.     Judge Carlson did not allow me to have an independent art appraiser put a value on my paintings. I had asked to have this done many times, both in written documents and in court. And the judge would not budge on my requests. I believe that it was absolutely my legal right to

1

Case: 06-30803    Doc# 115    Filed: 10/15/09    Entered: 10/19/09 10:28:15    Page 1 of 3

have an appraiser view my paintings and assess the value. Judge Carlson however, did allow Mr. Cadgene to put whatever price he wanted on all of my paintings. Mr. Cadgene's pricing was completely arbitrary, with no basis whatsoever other than what he personally thought the art was worth. For example a large 6 foot by 6 foot canvas that could sell for $20,000 dollars, he put the value at $100 dollars, and the Judge accepted this appraisal to solve our financial differences having to do with legal debt I owed Mr. Cadgene. By pricing hundreds of my paintings so low, this permitted Mr. Cadgene to take almost 300 of my paintings from my studio, and now he is claiming that has legal rights to take an additional 500 of my paintings, some of which were painted over 40 years ago, at the next turnover, which will be the 3rd turnover.

3.    One thing that occurred that I brought to the attention of the Judge on many occasions, either in court or the opposition papers I filed was that Mr. Cadgene was allowed to group many paintings together, for example 20 individual paintings as one work or entity. When Judge Carlson allowed Mr. Cadgene to use this false method of counting of paintings, it grossly distorted the accuracy of how many paintings were actually being turned over to Mr. Cadgene. My count and his count are completely different, and his count is grossly unfair. To illustrate the unfairness, in the next property turnover, Cadgene's count is 319, when he would actually be taking an additional 200 works, making it a total of 500 paintings of my life's work.

4.    The judge while giving carte blanche to Mr. Cadgene to price my artwork at the lowest price s possible, I in turn wasn't given any consideration to what I think was my legal right to have a professional appraisal of my art works; thus determining the actual market value. Judge Carlson repeatedly told me that I had to accept the prices because they were the highest bid. If an artist cannot sell work because of illness, bad economy, or for whatever reason, his or her art works cannot be drastically devalued nor do the paintings depreciate in value; this according to several appraisers that I spoke with. Judge Carlson made a completely false assumption that my work had no current market value. The real truth is that the value of a painting is based on one's history of sales, in my case over a 50-year period.

5.    Judge Carlson by letting Mr. Cadgene choose whatever price suited him, allowed Mr. Cadgene to get hundreds of paintings, instead of getting the more reasonable figure of 15 to 20 of my works, based on the historical market established prices of my sales of work over a forty year period. Thus, Judge Carlson by pushing me aside and he ignored all of my requests to have some resemblance of equity in this case. Because he never allowed a professional evaluation of

my work, I believe he was completely prejudicial in favoring the plaintiff, Mr. Cadgene and showed complete bias. The Judge did not agree with any of my requests, and ruled in Mr. Cadgene's favor on every point of his arguments. I believe the judge not only acted improperly, but that he did not, in my opinion, act in a lawful way, especially visa vis denying the appraisal. I believe that it was my legal right to have had my only assets, my paintings, to be fairly evaluated.

In summary, Judge Carlson I am calling prejudicial and completely unfair, in his decisions in this case. As I said, there is something in my eye; something that was not legal and the judge overstepped the rules of fairness. To Mr. Cadgene "YES" to me "NO". This is not justice. This is not fairness. There is no equity in this case.

In conclusion, I am asking for a motion to recues Judge Carlson because of the complete unfairness that has occurred throughout this bankruptcy case. Allowing Mr. Cadgene to evaluate the prices for my artwork has been and continues to be unjust. Arts historical value is a strong indicator of it's current value. A lot of the art being taken by Mr. Cadgene, for a few hundred dollars was previously worth thousands of dollars. A painting entitled "Tintel"(which he now owns), that Mr. Cadgene himself agreed was worth at least 25 thousand dollars during a partial settlement negotiation; now according to Mr. Cadgene, a comparable work is worth around $500 dollars; a reduction of almost 600%. This is clearly inequitable and unjust. Mr. Cadgene should have used the painting "Tintel" as a benchmark, which he did not. My recent letter to Judge Carlson filed on September 22, 2009, objecting to the 3rd turnover of my paintings, was never acknowledged or answered by Judge Carlson. I put in a long time writing this letter, and not receiving any response is to say the least frustrating I made it clear in my letter to Judge Carlson, that I wanted an appraisal done before the 3rd turnover, but Judge Carlson ignored my plea and has allowed for the turnover this Friday. This is a travesty justice. If a new Judge can come aboard I am sure that this matter can be resolved fairly.

SIGNED THIS DAY OF OCTOBER 15, 2009 BY CHRISTOPHER LANE

*Christopher Lane* (signature)