

**Signed and Filed: March 05, 2010**

_____

**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

1

2

3

4

5

6

7

8                  **UNITED STATES BANKRUPTCY COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10   In re                        )   Case No. 06-30803 TC
                                   )
11   CHRISTOPHER LANE,             )   Chapter 13
                                   )
12                                 )
                                   )
13                                 )
                                   )
14                                 )
                                   )
15                  Debtor.        )
     _____)

16

17          **MEMORANDUM RE DEBTOR'S MOTION FOR RECUSAL**

18        Debtor has moved to have me recuse myself on the basis that I

19   am biased against him.  The motion will be denied for the reasons

20   explained below.

21        First, I note that 28 U.S.C. § 455 provides that a judge shall

22   "disqualify himself from any proceeding in which his impartiality

23   might reasonably be questioned."  By using the words "disqualify

24   himself," the statute directs the judge who is the subject of the

25   motion to recuse to rule on the question of whether he or she

26   should step aside.

27        Second, the evidence of bias upon which Debtor relies is the

28   low value the court has assigned to Debtor's works of art.  It is

MEMO RE DEBTOR'S
MOTION FOR RECUSAL              -1-

important to note that the value of each painting was provided for in the chapter 13 plan submitted by Debtor himself. That plan has not worked out to the satisfaction of Debtor, because he was unable to sell the paintings himself as he had hoped to do.

Third, the standard for disqualification is that the judge has formed an opinion regarding a litigant from an extrajudicial source, or that the judge has developed during judicial proceedings such a strong opinion about the litigant that the judge cannot provide the litigant a fair trial. <u>Liteky v. United States</u>, 510 U.S. 540 (1940). This court has neither received information about Debtor nor formed any opinion about Debtor from an extrajudicial source. I knew nothing about Debtor before this case was filed and have since learned nothing about him other than through court proceedings. Nor does this court have any bias against Debtor. I am simply attempting to enforce the plan to which both Debtor and Mr. Cadgene agreed.

**\*\*END OF MEMORANDUM\*\***

MEMO RE DEBTOR'S
MOTION FOR RECUSAL                    -2-

# **Court Service List**

Christopher Lane
1161 S. Van Ness Avenue
San Francisco, CA 94110

Susan L. Uecker
Uecker and Associates Inc.
100 Pine Street, Suite 475
San Francisco, CA 94111